UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ELIZABETH MOCTEZUMA BAIRES and WALTER A. BAIRES, <br><br> Plaintiffs, <br> v. <br><br> BLUE CROSS BLUE SHIELD OF MINNESOTA and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Involuntary Plaintiffs, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> Defendant. | Case No. 16-CV-402-JPS <br><br><br><br><br><br><br><br><br><br><br> ORDER |

The plaintiffs, Elizabeth Moctezuma Baires and Walter A. Baires (the "Baireses"), bring this action against the defendant, State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract, loss of society and companionship and consortium, and bad faith insurance claims. (Docket #15). Initially, the Baireses filed a motion to compel discovery. (Docket #16). Shortly thereafter, on July 7, 2016, State Farm filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to bifurcate and stay the proceedings on the bad faith and statutory interest claims. (Docket #26). Because certain arguments in the motion to compel were more fully developed in the motion to dismiss briefing, the Court found it prudent to address these matters together. Both motions are now fully briefed and ready for disposition. (Docket #17, #26, #27, #29, #31, #33). As discussed more thoroughly below, the Court will deny

State Farm's motion to dismiss for failure to state a claim, deny State Farm's motion to bifurcate and stay, and will grant the Baireses' motion to compel.

1.   FACTUAL BACKGROUND[1]

This action arises out of an insurance dispute between the parties. Elizabeth Moctezuma Baires was injured in an automobile accident on September 2, 2010. (Am. Compl. ¶ 7). The accident was caused by the negligence of Eric Steele ("Steele"). (Am. Compl. ¶¶ 6-8). At the time of the accident, Steele was insured by American Family Mutual Insurance Company ("American Family"), under a policy that had $100,000.00 limits. (Am. Compl. ¶ 9). At the time of the accident, the Baireses were insured by State Farm. (Am. Compl. ¶ 5).

On or about March 26, 2014, American Family tendered the sum of $100,000.00 to Ms. Baires and State Farm authorized her to accept the offer. (Am. Compl. ¶ 11). The Baireses allege that the liability limits under the American Family policy, however, were inadequate to make them whole from the injuries and damages arising out of the accident. (Am. Compl. ¶ 10).

The Baireses' insurance policy with State Farm provided underinsured motorist benefits ("UIM"). (Am. Compl. ¶ 5). Ms. Baires provided State Farm with medical records and reports documenting the significant and permanent injuries and the need for ongoing medical care; she then requested that State Farm pay its UIM limits. (Am. Compl. ¶ 12). State Farm declined to pay the amount demanded by Ms. Baires. (Am. Compl. ¶ 13). State Farm offered only $40,000.00 in UIM benefits. (Am.

---

[1] The Court notes that, at the motion to dismiss stage, the Court "take[s] as true all well-pleaded facts alleged in the complaint..." *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010). As such, all facts, unless otherwise noted, are taken from the amended complaint (Docket #15).

Compl. ¶ 12). On December 24, 2015, State Farm sent a letter to the Baireses in response to the their further request for UIM benefits. (Am. Compl. ¶ 13). State Farm admitted it has "a business practice in place where [it] would advance [its] initial offer when settlement negotiations failed," but State Farm nonetheless failed to pay to $40,000.00 or any other benefits owed to the Baireses. (Am. Compl. ¶ 13).

The Baireses initially brought suit in Milwaukee County Circuit Court, and, on April 1, 2016, State Farm removed the case to this Court. (Docket #1). On June 16, 2016, the Baireses amended the original complaint to add a claim for bad faith. (Docket #15).

2. MOTION TO DISMISS

State Farm argues that the Baireses' claim for bad faith must be dismissed for the failure to state a claim. (Docket #2-6). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When reviewing a complaint, the Court construes it in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all reasonable inferences in the plaintiff's favor. *See Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill.*, 779 F.3d 706, 711 (7th Cir. 2015).

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* 786 F.3d 510, 526 (7th Cir. 2015) (explaining that a plausible claim need only "'include enough details about the subject-matter of the case to present a story that

holds together.'") (quoting *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)). Thus, a plausible claim is one with "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556.

To state a plausible claim, a plaintiff is not, however, required to plead specific or detailed facts, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), nor does the plausibility standard also "impose a probability requirement on plaintiffs: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556); *see Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) ("In deciding or reviewing a Rule 12(b)(6) motion, [courts] do not ask did these things happen; instead, the proper question to ask is still *could* these things have happened.") (internal quotations omitted). And, there is also no requirement that plaintiffs must state in their complaint "all possible legal theories." *Camasta*, 761 F.3d at 736 (citing *Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002)); *see Runnion*, 786 F.3d at 517 (finding a lower court's conclusion that a plaintiff must allege "facts supporting specific legal theories [to be] problematic, to say the least"). "A court may dismiss a complaint [for failure to state a claim] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The tort of bad faith is a separate intentional wrong which results from a breach of a duty imposed by a contractual relationship. *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 687, 271 N.W.2d 368 (1978). It is not a tortious breach of contract. *Id.* The Wisconsin Supreme Court has recognized

bad faith claims to help "redress a bargaining power imbalance between parties to an insurance contract*." McEvoy v. Group Health Coop. of Eau Claire*, 213 Wis.2d 507, 518, 570 N.W.2d 397, 402 (1997).

To recover on a claim for bad faith, a plaintiff must prove: (1) "the absence of a reasonable basis for denying benefits"; and (2) the insurance company's "knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* at 691. If the duty to pay is "fairly debatable," that is, if the company has investigated and developed the facts necessary to evaluate the claim, and has not recklessly ignored or disregarded the facts necessary to evaluate the claim, the company is entitled to argue that its decision to deny benefits is fairly debatable. *Id.* However, if the company knowingly fails "to exercise an honest and informed judgment," such failure "constitutes the tort of bad faith." *Id.* at 692.

As to the bad faith claim, the Baireses' amended complaint alleges the following:

> That State Farm knew it had no reasonable basis for denying UIM benefits; and that State Farm's conduct as set forth herein and including denying UIM benefits and forcing the plaintiffs to file a lawsuit to obtain any UIM benefits was intentional and was done solely to protect its own business interests.

(Am. Compl. 20, Docket #15). State Farm argues that these allegations fail to state a claim for two reasons: (1) the Baireses plead themselves out of court by attaching exhibits that contradict the complaint allegations; and (2) that the allegations are too conclusory to state a claim for bad faith.

Here, the Court finds that the amended complaint sufficiently states a claim for bad faith. The Baireses' complaint included a letter from State

Farm detailing State Farm's reasoning for denying the insurance claim.[2] The letter generally explains that State Farm denied the claim because Ms. Baires was made whole by American Mutual's payment of $100,000.00 (*see* Docket #1-1 at 13). As such, State Farm argues that the letter contradicts the Baireses' assertion that State Farm had no reasonable basis for denying the claim.

State Farm is correct that generally "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations," *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). However, as the Seventh Circuit further explained in *Northern Indiana,* the Court must carefully scrutinize the tension between the allegations in the complaint and the exhibits attached to the complaint. *Id.* 454-55 ("Rather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents.").

In applying this rule, the Court finds that the attached letter does not inherently contradict the allegations of bad faith in the amended complaint. Although State Farm's letter undoubtably provides a reason for denying the Baireses' insurance claim, the reliability of the letter is questionable at this early stage in the litigation. *Id.* at 456 "(Even though [the] letters include statements that stand in direct opposition to [the] allegations, it would be unwise to accept these unilateral statements as explaining the entire story at this early point in the litigation."). State Farm's letter may be self-serving and, therefore, does not provide a reliable basis for contradicting the

---

[2]The Court notes that the Baireses did not attach this letter to the amended complaint, however, it was attached to the original complaint. (*Compare* Docket #1 *with* Docket #15).

allegations of bad faith. Indeed, one cannot imagine that an insurance company would readily admit to having no reasonable basis for denying an insurance claim. State Farm's position that it had a reasonable basis for denying the claim may or may not be true; the Court makes no determination at this early stage as to the merit's of this claim. As such, the Court finds that State Farm's letter does not inherently contradict the Baireses' bad faith allegations such that they have plead themselves out of court.

Finally, the Court rejects State Farm's argument that the allegations in the amended complaint are too conclusory to state a claim for bad faith. To begin, State Farm offers not a single authority to suggest that a bad faith claim requires more factual detail to sufficiently state a claim. The Court fully recognizes that the Baireses' allegations are fairly conclusory because they do not include any specific detail as to why State Farm had no reasonable basis to deny the claim. However, notice pleading "do[es] not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(internal quotes omitted). The Baireses allege that State Farm had no reasonable basis to deny their claim for the full amount of their UIM insurance. Whether or not the Baireses will be able to prove this allegation through discovery is an entirely different question. However, the Court cannot say that it is clear that no relief could be granted under *any set of facts* that could be proved consistent with the allegations. *Hishon,* 467 U.S. at 73. As such, the Court will deny State Farm's motion to dismiss for the failure to state a bad faith claim.

3.   MOTION TO BIFURCATE AND STAY

State Farm alternatively requests to bifurcate and stay the bad faith and statutory interest claims.[3] (Docket #26 at 6). State Farm argues that: (1) the Baireses cannot make the threshold evidentiary showing necessary to obtain bad faith discovery; and (2) bifurcation is necessary to protect State Farm's interest to eliminate the potential jury confusion and prejudice and to promote judicial economy. (Docket #26 at 6). For the reasons that follow, the Court will deny the motion to bifurcate and stay.

Although this action involves questions of state law, federal procedural law applies to the issues of bifurcation and stay. *See Klonowski v. Int'l Armament Corp.*, 17 F.3d 992, 995 (7th Cir. 1994) ("As a federal court sitting in diversity, we apply Wisconsin state law to resolve the substantive questions concerning the accident and federal law on any procedural and evidentiary issues."). Pursuant to Federal Rule of Civil Procedure 26(d)(2), this Court may sequence discovery in phases "for the parties' and witnesses' convenience and in the interests of justice." Under Federal Rule of Civil Procedure 42(b), the Court may conduct separate trials of separate claims. Together, these rules confirm that the court has the discretion to bifurcate and stay certain issues for a later phase of discovery or trial. *See McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870 (7th Cir.1994).

The Court recognizes that Wisconsin courts have found appropriate the bifurcation of a bad faith claim from a coverage claim and a stay of discovery on the bad faith claim. *See Brethorst v. Allstate Property & Casualty*

---

[3]The Court notes that the amended complaint alleges three claims: (1) breach of contract; (2) loss of society and companionship and consortium; and (3) bad faith. (Docket #15). The statutory interest claim is requested as a form of relief. (Docket #15 at 8).

*Insurance Co.*, 2011 WI 41, 334 Wis.2d 23, 798 N.W.2d 467; *Dahmen v. American Family Mutual Insurance Co.*, 2001 WI App 198, 247 Wis.2d 541, 635 N.W.2d. 1. However, these cases are not controlling as to federal procedure and, more importantly, the Court disagrees with the reasoning of both cases. Instead, the Court aligns with District Judges Clevert and Adelman and Magistrate Judge Crocker in *Fiserv Sols., Inc. v. Westchester Fire Ins. Co.*, No. 11-C-0603, 2012 WL 2120513, at *1 (E.D. Wis. June 11, 2012), *Ingram v. State Farm Mutual Automobile Ins. Co.*, No. 10C1108, 2011 WL 1988442 (E.D. Wis. May 19, 2011), and *Eide v. Life Ins. Co. of N. Am.* No. 09–cv–671–slc, 2010 WL 1608658 (W.D. Wis. Apr. 19, 2010), respectively.

To begin, this Court takes very seriously its obligation to comply with Federal Rule of Civil Procedure 1 requiring the rules to be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Allowing a stay and bifurcation in this instance would not further this goal. Further, the Court finds it likely that "there will be significant overlap between the claims such that it would be wasteful to take a piecemeal approach to discovery." *Ingram,* 2011 WL 1988442 at *1; *accord McLaughlin v. State Farm Mutual Automobile Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994) (noting that evidence relating to compensatory claim and bad faith claim "usually overlaps substantially"). As such, the Court finds that any prejudice to State Farm from having to disclose internal documents from its claim file is outweighed by the time and money saved by allowing discovery on all issues to proceed simultaneously.

In light of the foregoing, the Court will exercise its discretion and deny State Farm's motion to bifurcate and stay the bad faith and interest claims.

4. MOTION TO COMPEL

The Baireses filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). (Docket #16). The Baireses' interrogatories and requests for production at issue seek information regarding: (1) adjusters or other persons who handled or reviewed the plaintiffs' UIM claims (Interrogatory No. 9); (2) training materials used to evaluate the plaintiffs' UIM claims (Interrogatory No. 10); (3) reserves set on the Baireses' UIM claims (Interrogatory No. 17 & Request No. 11); (4) State Farm's claims file on the Baireses' UIM claims (Request No. 1); (5) written evaluations of at-fault driver's liability and plaintiffs' damages (Request No. 3); (6) Claim Procedures Guide/other documents used to evaluate the Baireses' claims (Request No. 13); and (7) documents relating to Xactiamte, Colossus, or any other computer based software estimators used to evaluate the Baireses' claims. (Request No. 14) (Thomsen Aff., ¶¶ 2-3, Exhs. 1-2, Docket #30).

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) The information sought need not itself be admissible to be discoverable. *Id.*

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive

invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). Rather, the court should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

Here, the Court finds that State Farm has failed to meet its burden to show why the Baireses are not entitled to the requested discovery. State Farm's objections to the discovery requests are nothing more than boilerplate objections that provide no specific reasons as to why the requested discovery is improper. Boilerplate objections such as relevancy and "not proportional" will not overcome this burden. Moreover, State Farm's opposition to the motion to compel is wrought with conclusory statements that add little to the analysis. First, State Farm argues that the requested discovery is not relevant to the breach of contract claim. But, rather than explain *why* the specific discovery requests are not relevant as to each item, State Farm summarily argues that this issue is not a proper breach of contract claim (oddly, however, State Farm did not bring a motion to dismiss for the failure to state a claim for breach of contract). (*See* Docket #27 at 14) ("this is an action authorized by contract, not an action for breach of contract, because, quite simply, neither party has breached the contract"). State Farm finishes this argument with the conclusory statement that "in no way are the discovery

demands proportional to the needs of the contract claim." (Docket #27 at 15). Similarly, rather than explain *why* the requested discovery is irrelevant or not proportional to the bad faith claim, State Farm instead rests its argument on the Baireses' failure to state a claim for bad faith. As discussed above, the Court has rejected this argument.[4]

As the objecting party, State Farm had the burden of proving with specificity why the requested discovery is improper. State Farm has not come even close to meeting that burden. As such, the Court will grant the Baireses' motion to compel in its entirety. To the extent there are *specific* issues that remain as to the requested information, the Court will certainly entertain those issues should they arise. However, the Court cautions the parties that further discovery disputes that lack specific objections to the requested information may result in monetary sanctions.

5. CONCLUSION

As discussed above, the Court finds that the amended complaint sufficiently states a bad faith claim and that bifurcation and a stay of the bad faith and statutory interest claim are not warranted. The Court further finds that the Baireses are entitled to their requested discovery because State Farm

---

[4]Counsel for the Baireses, Mark Thomsen, submitted a declaration to certify that the parties were unable to reach an accord regarding the discovery dispute. (Docket #20). The Court recognizes that the Baireses added the bad faith claim only one day prior to filing the motion to compel discovery. (*See* Docket #15, #16). Mr. Thomsen submitted emails between the parties detailing their discovery dispute following the filing of the amended complaint. (Docket #20-5). In normal circumstances, the Court would expect parties to allow more time for State Farm to have considered the discovery request in light of this new claim. However, in this case, dispositive motion deadlines are quickly approaching and State Farm has offered no specific reasons to object to the requested discovery. As such, the Court is sufficiently satisfied that the motion to compel was warranted at the time it was filed.

Page 12 of 13

Case 2:16-cv-00402-JPS   Filed 09/02/16   Page 12 of 13   Document 34

has failed to prove why the discovery is improper. In light of the foregoing, the Court will: (1) deny State Farm's motion to dismiss the bad faith claim; (2) deny the alternative request to bifurcate and stay the bad faith and interest claims; and (3) grant the Baireses' motion to compel.

Accordingly,

IT IS ORDERED that State Farm's motion to dismiss or in the alternative to bifurcate and stay the bad faith claim (Docket #25) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the Baireses' motion to compel discovery (Docket #16) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge